IN THE DISTRICT OF COLUMBIA SUPERIOR COURT
Civil Division

| | | |
|---|---|---|
| J.P. SZYMKOWICZ | ) | |
| | ) | |
| Representative Plaintiff, | ) | |
| | ) | Case Number: <u>07-CV-581</u> |
| vs. | ) | |
| | ) | Judge Paul L. Friedman |
| DIRECTV, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**<u>REPRESENTATIVE PLAINTIFF J.P. SZYMKOWICZ'S RESPONSE TO
DEFENDANT DIRECTV, INC.'S MOTION TO DISMISS OR STAY
PROCEEDINGS PENDING ARBITRATION AND TO COMPEL
ARBITRATION AND REPRESENTATIVE PLAINTIFF J.P. SZYMKOWICZ'S
CROSS-MOTION FOR DECLARATORY JUDGMENT ON THE ISSUE OF
THE UNCONSCIONABILITY OF THE CLASS ACTION WAIVER AND THE
RESULTING UNENFORCEABILITY OF THE ARBITRATION CLAUSE</u>**

**<u>Oral Hearing Requested</u>**

Pursuant to F. R. CIV. P. 57, Representative Plaintiff J.P. Szymkowicz, by

and through his attorney, John T. Szymkowicz, on his own behalf and on behalf

of a class consisting of all DirecTV customers who subscribe to DirecTV's

Digital Video Recording service and who receive this service via the DirecTV

HR20 (also known as "DirecTV Plus HD DVR"), for the following reasons,

respectfully requests this Honorable Court enter an order denying Defendant

DirecTV's motion to dismiss or stay proceedings pending arbitration and to

compel arbitration and also enter an order granting Representative Plaintiff

Szymkowicz's  cross-motion for declaratory judgment on the issue of the

unconscionability of the class action waiver and the resulting unenforceability of

the arbitration clause that finds that:

      a.      the DirecTV Customer Agreement at issue in the instant litigation is a contract of adhesion in a consumer context;

      b.      the class action waiver in the DirecTV Customer Agreement is "indisputably one-sided;"

      c.      the sums involved in the instant proposed class action are "sufficiently small that the class action is likely the only effective way to redress conduct that deprives DirecTV's customers" of the full benefit of the HR20 Digital Video Recorder's functionalities;

      d.      "because DirecTV's prohibition on class claims in arbitration effectively operates to insulate DirecTV from liability for its conduct, the class action waiver is unconscionable and unenforceable;"

      e.      Because DirecTV's Customer Agreement states that "[i]f the law of your state would find this agreement to dispense with class arbitration procedures unenforceable, then this entire Section 9 is unenforceable," Plaintiff Szymkowicz is under no obligation to submit his claims against DirecTV to arbitration and thus, Plaintiff Szymkowicz's claims are properly brought in this Honorable Court; and

      f.      Directing any other relief the Court deems proper.

## **Background**

1.    Representative Plaintiff Szymkowicz has sued Defendant DirecTV, Inc., on behalf of a class of DirecTV customers who have purchased DirecTV's HR20 Digital Video Recorder (DVR) via "Lease Upgrades."

2.    Plaintiff Szymkowicz contends that, among other problems, the HR20 does not properly record programs or "buffer" Live TV as a Digital Video Recorder should.

3.      Plaintiff Szymkowicz contends that DirecTV released the HR20 to its customers with knowledge that the HR20 did not perform as advertised.[1]

**DirecTV's Customer Agreement**[2]

4.      The DirecTV Customer Agreement dated May 1, 2006 that currently governs the delivery of DirecTV service to its customers, including Plaintiff Szymkowicz, includes the following paragraph entitled "Resolving Disputes":

**Paragraph #9:  RESOLVING DISPUTES**

In order to expedite and control the cost of disputes, you and we agree that any legal or equitable claim relating to this Agreement, any addendum, or your Service (referred to as a "Claim") will be resolved as follows:

(a)      Informal Resolution:      We will first try to resolve any Claim informally.  Accordingly, neither of us may start a formal proceeding (except for Claims described in Section 9 (d) below) for at least 60 days after one of us notifies the other of a Claim in writing.  You will send your notice to the address on the first page of this Agreement, and we will send our notice to your billing address.

(b)      Formal Resolution:      Except as provided in Section 9 (d), if we cannot resolve a Claim informally, any Claim either of us asserts will be resolved only by binding arbitration.    The arbitration will be conducted under the rules of JAMS that are in effect at the time the arbitration is initiated (referred to as the "JAMS Rules") and under the rules set forth in this Agreement.  If there is a conflict between JAMS Rules and the rules set forth in this Agreement, the rules set forth in this Agreement will govern.

---

[1]      In its memorandum in support of its motion to dismiss, Defendant DirecTV claims that "DIRECTV has already provided Szymkowicz several hundred dollars in credit amounts to compensate him for the issues he has brought to DIRECTV's attention since November 2006."  Since the subject of "credits" is not at issue at present, Plaintiff Szymkowicz does not address this except to state that most of these "credits," were related to installation problems with the satellite on the roof and not the performance of the HR20 DVR.

[2]      See DirecTV Customer Agreement dated May 1, 2006 that was attached to the Complaint as Exhibit 1.

**ARBITRATION MEANS THAT YOU WAIVE YOUR RIGHT TO A JURY TRIAL.** You may, in arbitration, seek any and all remedies otherwise available to you pursuant to your state's law. If you decide to initiate arbitration, you agree to tell us in writing the amount that you would pay to file a lawsuit against us in the appropriate court of law in your state. Unless we agree to pay your fee for you, you only need to pay an arbitration initiation fee equal to such court filing fee, not to exceed $125; we agree to pay any additional fee or deposit required by JAMS to initiate your arbitration. We also agree to pay the costs of the arbitration proceeding. Other fees, such as attorney's fees and expenses of travel to the arbitration will be paid in accordance with JAMS Rules. The arbitration will be held at a location in your hometown area unless you and we both agree to another location or telephonic arbitration. To start an arbitration, you or we must do the following things:

> (1)    Write a Demand for Arbitration. The demand must include a description of the Claim and the amount of damages sought to be recovered. You can find a copy of a Demand for Arbitration at jamsadr.com.

> (2)    Send three copies of the Demand for Arbitration, plus the appropriate filing fee to:

> **JAMS**
> **500 North State College Blvd., Suite 600**
> **Orange, CA  92868**
> **1-800-352-5267**

> (3)    Send one copy of the demand for arbitration to the other party.

(c)    <u>Special Rules</u>:    (i)  In the arbitration proceeding, the arbitrator has no authority to make errors of law, and any award may be challenged if the arbitrator does so. Otherwise, the arbitrator's decision is final and binding on all parties and may be enforced in any federal or state court that has jurisdiction. (ii) Neither you nor we shall be entitled to join or consolidate claims in arbitration by or against other individuals or entities, or arbitrate any claim as a representative member of a class or in a private attorney general capacity. Accordingly, you and we agree that the JAMS Class Action Procedures do not apply to our arbitration. If, however, the law of your state would find this agreement to dispense with class arbitration procedures unenforceable, then this entire Section 9 is unenforceable.

(d)    Exceptions:    Notwithstanding the foregoing: (i) any Claim based on Section 1 (i) above, and (ii) any dispute involving a violation of the Communications Act of 1934, 47 U.S.C. § 605, the Digital Millennium Copyright Act, 17 U.S.C. § 1201, the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 or any other statement or law governing theft of service, may be decided only by a court of competent jurisdiction.

5.    Moreover, the May 1, 2006 DirecTV Customer Agreement provides in

Paragraph 10 (b):

Applicable Law:    The interpretation and enforcement of this Agreement shall be governed by the rules and regulations of the Federal Communications Commission, other applicable federal laws, and the laws of the state and local area where Service is provided to you.  This Agreement is subject to modification if required by such laws.  Notwithstanding the foregoing, Section 9 shall be governed by the Federal Arbitration Act.

## ARGUMENT

## I.    THE CLASS ACTION WAIVER PROVISION IN DIRECTV'S CUSTOMER AGREEMENT IS UNCONSCIONABLE AND THUS, UNENFORCEABLE FOR THE REASONS STATED IN COHEN V. DIRECTV, INC.

DirecTV is a California corporation that has its headquarters in California. The class action waiver provision in DirecTV's Customer Agreement is unconscionable, and thus, unenforceable for the reasons stated in Cohen v. DirecTV, Inc., 142 Cal. App. 4th 1442 (California Court of Appeal, 2nd Appellate District, Division 8, September 18, 2006), rehearing denied, 2007 Cal. LEXIS 48 (California Supreme Court, January 3, 2007).  The issue presented in Cohen is the exact same issue presented in DirecTV's motion to dismiss in the instant case - the enforceability of the arbitration provision in DirecTV's Customer Agreement.

Moreover, the Customer Agreement at issue in <u>Cohen</u> is the exact same Customer Agreement at issue in the instant case.

**A.     Purpose of Class Actions**.

In <u>Deposit Guaranty National Bank of Jackson v. Roper</u>, 445 U.S. 326, 339 (1980), the Supreme Court stated:

> The aggregation of individual claims in the context of a classwide suit is an evolutionary response to the existence of injuries unremedied by the regulatory action of government. Where it is not economically feasible to obtain relief within the traditional framework of a multiplicity of small individual suits for damages, aggrieved persons may be without any effective redress unless they may employ the class-action device.

In 2005, Congress enacted the Class Action Fairness Act to assure fairer outcomes for class members and defendants."  109 P.L. 2 (preamble).  In fact, it was the Class Action Fairness Act that allowed DirecTV to remove the instant case to this Honorable Court.   In enacting the Class Action Fairness Act, Congress found that:

> [c]lass action lawsuits are an important and valuable part of the legal system when they permit the fair and efficient resolution of legitimate claims of numerous parties by allowing the claims to be aggregated into a single action against a defendant that has allegedly caused harm.  Id. at §2 (a) (1).

Unless Plaintiff Szymkowicz's claims are heard in a representative capacity via a class action, aggrieved buyers of DirecTV's HR20 DVR will "be without any effective redress" since the value of the damages claimed per plaintiff are too small to justify the expense of hiring an attorney and prosecuting a claim on an individual basis.

**B.      District of Columbia law is silent on the issue of class action waivers in arbitration agreements.**

Plaintiff Szymkowicz believes that District of Columbia law is silent on the issue of class action waivers in arbitration agreements. Moreover, since Plaintiff Szymkowicz is seeking to certify a nationwide class action, the most appropriate law to apply throughout the entire litigation is the law of the State of California, which is the place of DirecTV's incorporation and where DirecTV has its headquarters. Therefore, this Honorable Court should look to the law of California for guidance on the issue of the class action waiver.

**C.      <u>Cohen v. DirecTV, Inc.</u> holds that the class action waiver provision in DirecTV's Customer Agreement is unconscionable, and thus, unenforceable.**

<u>Cohen v. DirecTV, Inc.</u> holds that the class action waiver provision in DirecTV's Customer Agreement is unconscionable, and thus, unenforceable. In <u>Cohen</u>, the plaintiff filed suit against DirecTV in the Superior Court of Los Angeles on behalf of a class of DirecTV customers who claim that DirecTV has degraded some of its High-Definition channels to a Low-Definition resolution. <u>Id</u>. at 1445. DirecTV responded to Mr. Cohen's suit by moving to compel arbitration pursuant to the class action waiver in the DirecTV Customer Agreement.[3] <u>Id</u>. at 1446.

**1.      Unconscionability.**

Unconscionability has both procedural and substantive elements. <u>Id</u>. at 1449. The procedural element focuses on oppression or surprise due to unequal bargaining power, and generally takes the form of a contract of adhesion. <u>Id</u>. The

---

[3]      Plaintiff Szymkowicz has reason to believe that the DirecTV Customer Agreement in <u>Cohen</u> is the same Customer Agreement in the instant case.

substantive element focuses on overly harsh or one-sided results, with substantively unconscionable terms generally described as "unfairly one-sided." Id. Procedural and substantive unconscionability are evaluated on a sliding scale in relation to one another. Id. at n.9. The more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa. Id.

### 2. The DirecTV Customer Agreement is a contract of adhesion.

The DirecTV Customer Agreement is a contract of adhesion. In Cohen, the court found that the DirecTV Customer Agreement is a "consumer contract of adhesion" since DirecTV customers are given the agreement "in the form of a 'bill stuffer' that the customer is "deemed to accept if he did not close his account." Id. at 1451. The court in Cohen also observed that:

> under DirecTV's customer agreement, customers may be faced with termination fees if they cancel their service, and that agreement does not provide for reimbursement of customers' equipment costs if they opt not to accept all amendments DirecTV chooses to send. These circumstances make opting out more burdensome on DirecTV's customers than was the case for cardholders in Discover Bank v. Superior Court, 113 P.3d 1100 (Cal. 2005), heightening the evidence of procedural unconscionability. Cohen, 142 Cal. App. 4th at 1451, n.10.

### 3. Discover Bank v. Superior Court.

In Cohen, the court relied upon the decision in Discover Bank, 113 P.3d 1100, which involved an arbitration clause and class action waiver similar to the clause and waiver found in DirecTV's Customer Agreement. Cohen, 142 Cal. App. 4th at 1448. The Cohen opinion, quoted a large section of the opinion in

<u>Discover Bank</u>, in order to show how the DirecTV Customer Agreement was unconscionable and violates public policy:

> The class action waiver provision is clearly meant to prevent customers from seeking redress for relatively small amounts of money. Fully aware that few customers will go to the time and trouble of suing in small claims court, the bank has instead sought to create for itself virtual immunity from class or representative actions despite their potential merit, while suffering no similar detriment to its own rights. The clause is not only harsh and unfair to bank customers who might be owed a relatively small sum of money, but it also serves as a disincentive for the bank to avoid the type of conduct that might lead to class action litigation in the first place. By imposing this clause on its customers, the bank has essentially granted itself a license to push the boundaries of good business practices to their furthest limits, fully aware that relatively few, if any, customers will seek legal remedies, and that any remedies obtained will only pertain to that single customer without collateral estoppel effect. This is not only substantively unconscionable, it violates public policy by granting the bank a 'get out of jail free' card while compromising consumer rights. [quotation as set forth in <u>Cohen</u>]. <u>Cohen</u>, 142 Cal. App. 4th at 1448-49 *quoting* <u>Discover Bank</u>, 113 P.3d at 159-60.

Moreover, the court in <u>Cohen</u> quoted several other passages from <u>Discover Bank</u>:

> When a customer is given an amendment to a customer agreement in the form of a bill stuffer that he would be deemed to accept if he did not close his account, 'an element of procedural unconscionability is present.' <u>Cohen</u>, 142 Cal. App. 4th at 1450 *quoting* <u>Discover Bank</u>, 113 P.3d at 160.

> While adhesive contracts are generally enforced, class action waivers found in those contracts may also be substantively unconscionable 'inasmuch as they may operate effectively as exculpatory contract clauses that are contrary to public policy.' <u>Cohen</u>, 142 Cal. App. 4th at 1450 *quoting* <u>Discover Bank</u>, 113 P.3d at 160-61.

> Class action waivers are not, in the abstract, exculpatory clauses. However, because damages in consumer cases are often small, and because the wrongful exaction of 'a dollar from each of millions of customers' will result in a handsome profit, the class action is often the only effective way to halt and redress such exploitation.

Cohen, 142 Cal. App. 4th at 1450 *quoting* Discover Bank, 113 P.3d at 161.

Class action waivers are 'indisputably one-sided' as 'credit card companies typically do not sue their customers in class action lawsuits.'   Cohen, 142 Cal. App. 4th at 1450 *quoting* Discover Bank, 113 P.3d at 161.

Such one-sided, exculpatory contracts in a contract of adhesion, at least to the extent they operate to insulate a party from liability that otherwise would be imposed under California law, are generally unconscionable.   Cohen, 142 Cal. App. 4th at 1450 *quoting* Discover Bank, 113 P.3d at 161.

We do not hold that all class action waivers are necessarily unconscionable.   But when the waiver is found in a consumer contract of adhesion in a setting in which disputes between the contracting parties predictably involve small amounts of damages, and when it is alleged that the party with the superior bargaining power has carried out a scheme to deliberately cheat large numbers of consumers out of individually small sums of money, then, at least to the extent the obligation at issue is governed by California law, the waiver becomes in practice the exemption of the party 'from responsibility for its own fraud, or willful injury to the person or property of another.  Under these circumstances, such waivers are unconscionable under California law and should not be enforced.  Cohen, 142 Cal. App. 4th at 1450-51 *quoting* Discover Bank, 113 P.3d at 162-63.

The court in Cohen relied so heavily on the decision in Discover Bank since the class action waiver provisions contained in the arbitration clauses in the two cases were so similar and involved facts and issues that were also common to the two cases - large companies who perform fairly low-value services on behalf of many individual customers.  In Cohen, the court noted that "[w]hether a company improperly overcharges its customers $29, or noticeably reduces its customers' television image quality by a like amount in relation to the quality for which they have paid, monetary harm occurs." Cohen, 142 Cal. App. 4th at 1453. Moreover, the court found that:

[I]n every case, whether sooner or later, the scheme becomes apparent to the consumer, whether it is the appearance on an invoice of an improper charge or the appearance on the television of an inferior image.  In either case, the customer is being deliberately cheated, because he is either paying for something he has not agreed to pay for (the $29 late fee in <u>Discover Bank</u>) or paying for something his is not receiving (image clarity from DirecTV).  In other words, a deliberate practice that deprives consumers of money or services is no less deserving of opprobrium simply because it may be more readily detectable by the consumer.  The wrongdoer still profits, albeit perhaps for a shorter time, and the consumer still loses "individually small sums of money.  <u>Id</u>.

The DirecTV Customer Agreement, as described by the court in <u>Cohen</u>, "necessarily occur[s] in a setting in which disputes between the contracting parties predictably involve small amounts of damages."  <u>Id</u>. at 1452.  The fee at issue in <u>Cohen</u> was $10.99 per month.  <u>Id</u>.  While the fact that the <u>Cohen</u> plaintiff sought more than $1,000.00 in damages in his complaint against DirecTV was not an "insignificant sum," according to the court, "many consumers of services such as those offered by DirecTV may not view that amount as sufficient to warrant individual litigation and certainly it is not sufficient to obtain legal assistance in prosecuting the claim."  <u>Id</u>.  Therefore, the <u>Cohen</u> court found that "the class action device remains, in our view, the only practicable way for consumers of services such as DirecTV's to deter and redress wrongdoing of the type <u>Cohen</u> alleges.  Damages that may or may not exceed $1,000 do not take DirecTV's class action waiver outside a setting in which disputes between the contracting parties predictably involve small amounts of damages."  <u>Id</u>.  In a footnote to the <u>Cohen</u> opinion, the court observed that "Cohen's actual damages may or may not exceed $1,000.  His complaint alleges that only five of the channels he received were affected, and the effect of those channels was a 33 percent reduction in image

11

quality.  It is thus not inconceivable that his damages could constitute some fractional amount of his total outlay of funds." <u>Id</u>. at 1452, n.11.

**D.    In the instant case, the DirecTV Customer Agreement at issue is unconscionable.**

In the instant case, the DirecTV Customer Agreement at issue is unconscionable.  The Customer Agreement at issue is exactly the same as in <u>Cohen</u>.  The Customer Agreement was a contract of adhesion that DirecTV customers are deemed to accept if they do not close their account.  Therefore an element of procedural unconscionability is present.  <u>See</u> <u>Cohen</u>, 142 Cal. App. 4th at 1450.  The amount in controversy, per prospective plaintiff, is, at best, actual damages of $1,851.43 trebled to $5,554.29.  <u>See</u> Complaint at "Wherefore" clauses.  It would be extremely difficult for any prospective plaintiff to obtain the services of an attorney to prosecute a case where the actual damages were as small as $1,851.43.  Therefore, the only efficient course of action is to allow the consolidation of claims in a class action.  It is undisputed that DirecTV is of vastly superior bargaining power compared to any individual plaintiff.  Thus, any individual plaintiff is effectively powerless to seek compensation from DirecTV related to the defective HR20's.  Finally, the Customer Agreement effectively insulates DirecTV from liability related to the defective HR20's since no individual plaintiff would have the incentive to obtain legal counsel to seek compensation for such a small amount of money in dispute.

II.    **THE DOCTRINES OF RES JUDICATA AND COLLATERAL ESTOPPEL PRECLUDE THE RELITIGATION OF THE CLASS ACTION WAIVER AND ARBITRATION ISSUES CONTAINED IN THE DIRECTV CUSTOMER AGREEMENT.**

The doctrines of res judicata and collateral estoppel preclude the relitigation of the class action waiver and arbitration issues contained in the DirecTV Customer Agreement.

A.    **Res Judicata/Claim Preclusion.**

Under the doctrine of res judicata or claim preclusion, a final judgment on the merits of a claim bars relitigation in a subsequent proceeding of the same claim between the same parties or their privies.  Patton v. Klein, 746 A.2d 866, 869-70 (D.C. 1999), citing Faulkner v. GEICO, 618 A.2d 181, 183 (D.C. 1992). See also Short v. District of Columbia Department of Employment Services, 723 A.2d 845, 849 (D.C. 1998).  The doctrine operates to bar in the second action not only claims which were actually raised in the first, but also those arising out of the same transaction which could have been raised.  Patton, 746 A.2d at 870, citing Molovinsky v. Monterey Cooperative, Inc., 689 A.2d 531, 533 (D.C. 1997).  See also Short, 723 A.2d at 849.  In order for res judicata or claim preclusion to apply, the current case and the original case must arise from a common nucleus of facts. Id.  If there is a common nucleus of facts, then the actions arise out of the same cause of action.  Patton, 746 A.2d at 870, citing Faulkner, 618 A.2d at 183.  The nature and scope of a cause of action is determined by the factual nucleus, not the theory on which a plaintiff relies.  Id.  In determining whether the claim arises from the same factual nucleus, the following should be evaluated:  (1)  the nature of the two actions;  (2)  the facts necessary to prove each;  (3)  whether the facts

13

are related in time, space, origin, or motivation; (4) whether the facts form a convenient trial unit; and (5) whether the treatment of the facts as a convenient trial unit conforms to the parties' expectations, business understanding or usage. Patton, 746 A.2d at 870, citing Smith v. Jenkins, 562 A.2d 610, 613-15 (D.C. 1989).

In its motion to dismiss, DirecTV fails to mention Cohen, much less explain why it feels that this Honorable Court should compel arbitration in the instant case pursuant to the very same DirecTV Customer Agreement that the court in Cohen found to be unconscionable. The absence of Cohen from DirecTV's motion is further troubling since Plaintiff Szymkowicz previously filed his motion for declaratory judgment on the issue of the unconscionability of the class action waiver and the resulting unenforceability of the arbitration clause in the District of Columbia Superior Court prior the DirecTV's removal.[4]

**B.    Collateral Estoppel.**

Even where res judicata is inapplicable, collateral estoppel may bar relitigation of the issues determined in a prior action. Patton, 746 A.2d at 870, citing Smith v. Jenkins, 562 A.2d at 617. The doctrine of collateral estoppel precludes a party from relitigating issues or facts actually litigated and necessarily decided in an earlier proceeding based on a different cause of action. Walden v. District of Columbia Department of Employment Services, 759 A.2d 186, 189 (D.C. 2000); Goldkind v. Snider Brothers, Inc., 467 A.2d 468, 473 (D.C. 1983).

---

[4]    It is interesting to note that Defendant DirecTV's counsel in the instant case, the Law Firm of Kirkland & Ellis LLP, represented Defendant DirecTV in Cohen.

Collateral estoppel or issue preclusion renders conclusive in the same or a subsequent action an issue of fact or law previously determined by a court of competent jurisdiction.  Patton, 746 A.2d at 870, citing Smith v. Jenkins, 562 A.2d at 617;  Southern Pacific Railroad Co. v. United States, 168 U.S. 1, 48-9 (1897).  Moreover, even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified.  Patton, 746 at 871, citing Smith v. Jenkins, 562 A.2d at 617;  Southern Pacific Railroad Co., 168 U.S. at 48-9.

In order for collateral estoppel to apply  (1)  the issue must be actually litigated and  (2)  determined by a valid, final judgment on the merits;  (3)  after a full and fair opportunity for litigation by the parties or their privies;  (4)  under circumstances where the determination was essential to the judgment, and not merely dictum.  Patton, 746 at 871, citing Washington Medical Center, Inc. v. Holle, 573 A.2d 1269, 1280-81 (D.C. 1990).

As with the doctrine of res judicata or claim preclusion, the doctrine of collateral estoppel will operate to preclude DirecTV in the instant case from relitigating issues or facts actually litigated and necessarily decided in the Cohen, that is, the facts that:

> 1.     The DirecTV Customer Agreement is a "consumer contract of adhesion."  Cohen, at 1451.
>
> 2.     The class action waiver found in the DirecTV Customer Agreement is unconscionable. Cohen, at 1450.

15

Applying the <u>Patton</u> collateral estoppel test to the instant proceeding will show that collateral estoppel will apply because:  (1)  the issues presented and the facts to be decided in the instant case are the same as those litigated in <u>Cohen</u>;  (2) The application of law and findings of fact in <u>Cohen</u> were based upon issues and facts which were raised and litigated, and is the law of the case since the order in Cohen was never modified, vacated or reversed;  (3) DirecTV had a full and fair opportunity to litigate the facts and issues related to the class action waiver found in the DirecTV Customer Agreement in <u>Cohen</u> and took advantage of this opportunity by vigorously arguing for arbitration in <u>Cohen</u>, bringing the case all the way to the California Supreme Court;  (4)  The findings of fact in <u>Cohen</u> were material and relevant to the motion to compel arbitration that DirecTV sought in <u>Cohen</u>.  <u>See</u> <u>Patton v. Klein</u>, 746 A.2d 866, 871 (D.C. 1999).  Therefore, the doctrine of collateral estoppel will foreclose DirecTV in the instant case from relitigating the facts and issues previously decided in <u>Cohen</u>.

**III.    THE DIRECTV CUSTOMER AGREEMENT STATES THAT IF THE CLASS ACTION WAIVER PROVISION IS STRICKEN, THEN THE ENTIRE ARBITRATION CLAUSE IS UNENFORCEABLE.    THUS, PLAINTIFF SZYMKOWICZ'S SUIT IN THE DISTRICT OF COLUMBIA SUPERIOR COURT IS PROPER.**

The DirecTV Customer Agreement states that if the class action waiver provision is stricken, then the entire arbitration clause is unenforceable.  Thus, Plaintiff Szymkowicz's suit in the District of Columbia Superior Court is proper. The DirecTV Customer Agreement states that "If, however, the law of your state would find this agreement to dispense with class arbitration procedures unenforceable, then this entire Section 9 is unenforceable."  Therefore, since the

class action waiver provision in the DirecTV Customer Agreement is unconscionable, the entire arbitration clause is unenforceable. Thus, Plaintiff Szymkowicz's suit in the Superior Court is proper.

**IV.    THE MARYLAND CASES INVOLVING CLASS-ACTION WAIVERS IN ARBITRATION AGREEMENTS THAT DIRECTV CITES IN ITS MOTION TO DISMISS ARE NOT BINDING ON THIS COURT. CERTAINLY THIS COURT SHOULD GIVE MORE CREDENCE TO CALIFORNIA LAW ON THIS ISSUE SINCE DIRECTV IS INCORPORATED IN CALIFORNIA AND HAS ITS HEADQUARTERS IN CALIFORNIA.**

As both parties acknowledge, District of Columbia law is silent on the issue of the enforceability of class-action waivers in arbitration agreements. The Maryland cases involving class-action waivers in arbitration agreements that DirecTV cites in its motion to dismiss are not binding on this Court. Certainly this Court should give more credence to California law on this issue since DirecTV is incorporated in California and has its headquarters in California. We would have a very strange result if a District of Columbia court rules a particular arbitration clause in a contract between a District of Columbia resident and a California corporation valid where a California court previously held the same arbitration clause unconscionable, and thus, unenforceable.

<u>Conclusion</u>

Representative Plaintiff J.P. Szymkowicz, on his own behalf and on behalf of a class consisting of all DirecTV customers who subscribe to DirecTV's Digital Video Recording service and who receive this service via the DirecTV HR20 (also known as "DirecTV Plus HD DVR"), respectfully requests this Honorable Court enter an order denying Defendant DirecTV's motion to dismiss

or stay proceedings pending arbitration and to compel arbitration and also enter an order granting Representative Plaintiff Szymkowicz's cross-motion for declaratory judgment on the issue of the unconscionability of the class action waiver and the resulting unenforceability of the arbitration clause that finds that:

a.    the DirecTV Customer Agreement at issue in the instant litigation is a contract of adhesion in a consumer context;

b.    the class action waiver in the DirecTV Customer Agreement is "indisputably one-sided;"

c.    the sums involved in the instant proposed class action are "sufficiently small that the class action is likely the only effective way to redress conduct that deprives DirecTV's customers" of the full benefit of the HR20 Digital Video Recorder's functionalities;

d.    "because DirecTV's prohibition on class claims in arbitration effectively operates to insulate DirecTV from liability for its conduct, the class action waiver is unconscionable and unenforceable;"

e.    Because DirecTV's Customer Agreement states that "[i]f the law of your state would find this agreement to dispense with class arbitration procedures unenforceable, then this entire Section 9 is unenforceable," Plaintiff Szymkowicz is under no obligation to submit his claims against DirecTV to arbitration and thus, Plaintiff Szymkowicz's claims are properly brought in this Honorable Court; and

f.    Directing any other relief the Court deems proper.

## **Oral Hearing Requested**

Representative Plaintiff Szymkowicz respectfully requests that this Honorable Court receive oral argument on the instant motion pursuant to Local Civil Rule 7 (f).

Respectfully submitted,

John T. Szymkowicz (#946079)
1220 19th Street, N.W., Suite 400
Washington, DC 20036-2438
(202) 862-8500

Attorney for Plaintiff J.P. Szymkowicz

IN THE DISTRICT OF COLUMBIA SUPERIOR COURT
Civil Division

J.P. SZYMKOWICZ                          )
                                         )
            Representative Plaintiff,    )
                                         )        Case Number:  07-CV-581
vs.                                      )
                                         )        Judge Paul L. Friedman
DIRECTV, INC.                            )
                                         )
            Defendant.                   )

**ORDER DENYING DEFENDANT DIRECTV, INC.'S MOTION TO DISMISS OR STAY PROCEEDINGS PENDING ARBITRATION AND TO COMPEL ARBITRATION AND GRANTING REPRESENTATIVE PLAINTIFF J.P. SZYMKOWICZ'S CROSS-MOTION FOR DECLARATORY JUDGMENT ON THE ISSUE OF THE UNCONSCIONABILITY OF THE CLASS ACTION WAIVER AND THE RESULTING UNENFORCEABILITY OF THE ARBITRATION CLAUSE**

Upon consideration of Defendant DirecTV's motion to dismiss or stay proceedings pending arbitration and to compel arbitration and Representative Plaintiff Szymkowicz's cross-motion for declaratory judgment on the issue of the unconscionability of the class action waiver and the resulting unenforceability of the arbitration clause, IT IS HEREBY ORDERED THAT Defendant DirecTV's motion to dismiss or stay proceedings pending arbitration and to compel arbitration is DENIED and Representative Plaintiff Szymkowicz's cross-motion for declaratory judgment on the issue of the unconscionability of the class action waiver and the resulting unenforceability of the arbitration clause is GRANTED.

IT IS FURTHER ORDERED THAT this Court finds, as a matter of fact and law, that:

a.      the DirecTV Customer Agreement at issue in the instant litigation is a contract of adhesion in a consumer context;

b.      the class action waiver in the DirecTV Customer Agreement is "indisputably one-sided;"

c.      the sums involved in the instant proposed class action are "sufficiently small that the class action is likely the only effective way to redress conduct that deprives DirecTV's customers" of the full benefit of the HR20 Digital Video Recorder's functionalities;

d.      "because DirecTV's prohibition on class claims in arbitration effectively operates to insulate DirecTV from liability for its conduct, the class action waiver is unconscionable and unenforceable;" and

e.      Because DirecTV's Customer Agreement states that "[i]f the law of your state would find this agreement to dispense with class arbitration procedures unenforceable, then this entire Section 9 is unenforceable," Plaintiff Szymkowicz is under no obligation to submit his claims against DirecTV to arbitration and thus, Plaintiff Szymkowicz's claims are properly brought in this Honorable Court.


_____                      _____

Date                                 Paul L. Friedman
                                     United States District Judge


cc:

John T. Szymkowicz, Esquire          Marimichael O. Skubel, Esquire
1220 19th Street, N.W., Suite 400    Kirkland & Ellis LLP
Washington, DC  20036-2438           655 Fifteenth Street, N.W.
(202) 862-8500 (voice)               Washington, DC  20005-5793
(202) 862-9825 (fax)                 (202) 879-5000 (voice)
john@szymlaw.com                     (202) 879-5200 (fax)

Attorney for Plaintiff J.P. Szymkowicz   Attorney for Defendant DirecTV, Inc.