# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| J. P. SZYMKOWICZ, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NUMBER: 1:07-CV-00581 |
| | ) |
| DIRECTV, INC., | ) The Honorable Paul L. Friedman |
| Defendant. | ) |
| | ) |

# DIRECTV'S REPLY TO SZYMKOWICZ'S OPPOSITION TO MOTION TO DISMISS OR STAY ACTION PENDING ARBITRATION AND TO COMPEL ARBITRATION AND TO SZYMKOWICZ'S CROSS-MOTION FOR DECLARATORY JUDGMENT

## TABLE OF CONTENTS

Page(s)

I.    BECAUSE THE PARTIES AGREED THAT DISTRICT OF COLUMBIA LAW
      GOVERNS, THE ARBITRATION AGREEMENT IS ENFORCEABLE AND
      CALIFORNIA'S MINORITY VIEW DOES NOT APPLY. ...............................................2

      A.    The Parties Agreed That District Of Columbia Law Governs The
            Interpretation And Enforcement Of Their Agreement.............................................2

      B.    Szymkowicz Has No Legal Basis For Asking This Court To Disregard
            The Parties' Choice Of Law And To Instead Apply California Law. ....................4

      C.    District Of Columbia Law Addresses Szymkowicz's Unconscionability
            Arguments And Enforces The Parties' Arbitration Provision. ...............................6

      D.    To The Extent There Is Any Lingering Uncertainty, Maryland Law Should
            Inform The Court's Decision. .................................................................................8

II.   NEITHER RES JUDICATA NOR COLLATERAL ESTOPPEL REQUIRES
      THIS COURT TO ADOPT THE *COHEN* DECISION. ....................................................9

      A.    This Court Must Look To California Law To Decide Whether *Cohen* Has
            Any Preclusive Effect On This Case. ...................................................................10

      B.    Under California Law, *Cohen* Has No Res Judicata Effect On The Claims
            Between Szymkowicz And DIRECTV..................................................................10

      C.    Collateral Estoppel Does Not Apply Because The Enforceability Of The
            Parties' 2006 Arbitration Agreement Under D.C. Law Has Not Been
            Decided. ...............................................................................................................12

III.  CONCLUSION.............................................................................................................14

TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allied Fire Prot. v. Diede Constr., Inc.*,
    27 Cal. App. 4th 150 (2005) ........................................................................... 11

*Alpha Mech., Heating & Air Conditioning v. Travelers' Cas. & Sur. Co. of Am.*,
    133 Cal. App. 4th 1319 (2005) ...................................................................... 11

*America Online, Inc. v. Booker*,
    781 So. 2d 423 (Fla. Dist. Ct. App. 2001) ..................................................... 5

*America Online, Inc. v. Super. Ct.*,
    90 Cal. App. 4th 1 (2001) .............................................................................. 5

*Ass'n of Am. Med. Colleges v. Princeton Review, Inc.*,
    332 F. Supp. 2d 11 (D.D.C. 2004) ................................................................ 6

*Clemmer v. Hartford Ins. Co.*,
    22 Cal. 3d 865 (1978) .................................................................................... 11

*Cohen v. DIRECTV, Inc.*,
    142 Cal. App. 4th 1442 (2006) ...................................................................... 11

*Comm'r of Internal Revenue v. Sunnen*,
    333 U.S. 591 (1948).................................................................................. 12, 13

*Conseco Indus., Ltd. v. Conforti & Eisele, Inc.*,
    627 F.2d 312 (D.C. Cir. 1980)....................................................................... 8

*Davidson v. Cingular Wireless LLC*,
    2007 WL 896349 (E.D. Ark. Mar. 23, 2007) ................................................ 4

*Discover Bank v. Super. Ct. (Boehr)*,
    36 Cal. 4th 148 (2005) ................................................................................ 5, 9

*Discover Bank v. Super. Ct.*,
    134 Cal. App. 4th 886 (2005) ........................................................................ 5

*Ethnic Employees of Library of Cong. v. Boorstin*,
    751 F.2d 1405 (D.C. Cir. 1985)..................................................................... 12

*\*Forrest v. Verizon Comms., Inc.*,
    805 A.2d 1007 (D.C. 2002) ........................................................................ 7, 8

*Gilman v. Wheat, First Sec., Inc.,
   692 A.2d 454 (Md. 1997) ...................................................................................... 8, 9

Godbey v. Frank E. Basil, Inc.,
   603 F. Supp. 775 (D.D.C. 1985) ............................................................................... 3

Kinkel v. Cingular Wireless LLC,
   857 N.E.2d 250 (Ill. 2006) ....................................................................................... 4

Kremer v. Chem. Constr. Corp.,
   456 U.S. 461 (1982) ................................................................................................ 10

London v. Wal-Mart Stores,
   340 F.3d 1246 (11th Cir. 2003) ............................................................................... 8

Matsushita Elec. Indus. Co. v. Epstein,
   516 U.S. 367 (1996) ................................................................................................ 10

Mooney v. Caspari,
   138 Cal. App. 4th 704 (2006) ................................................................................. 12

Morris v. Capitol Furniture & Appliance Co.,
   280 A.2d 775 (D.C. 1971) ....................................................................................... 6

Mycogen Corp. v. Monsanto Co.,
   28 Cal. 4th 888 (2002) ........................................................................................... 11

Napoleon v. Heard,
   455 A.2d 901 (D.C. 1983) ....................................................................................... 8

Norris v. Norris,
   419 A.2d 982 (D.C. 1980) ....................................................................................... 3

Rivera v. AT&T,
   420 F. Supp. 2d 1312 (S.D. Fla. 2006) .................................................................... 4

Rodgers v. Sargent Controls & Aerospace,
   136 Cal. App. 4th 82 (2006) .............................................................................. 12, 13

Ruby v. Debovsky,
   126 Cal. App. 2d 21 (1954) .................................................................................... 10

Samra v. Shaheen Bus. and Inv. Group, Inc.,
   355 F. Supp. 2d 483 (D.D.C. 2005) .......................................................................... 4

Scherk v. Alberto-Culver Co.,
   417 U.S. 506 (1974) ................................................................................................. 7

*Sigmund v. Progressive N. Ins. Co.*,
   374 F. Supp. 2d 33 (D.D.C. 2005) ................................................................. 8

*Smith, Bucklin & Assocs., Inc. v. Sonntag*,
   83 F.3d 476 (D.C. Cir. 1996) ......................................................................... 6

*Susman v. Lincoln Am. Corp.*,
   561 F.2d 86 (7th Cir. 1977) ........................................................................... 8

*Sutton v. Golden Gate Bridge, Highway &Trans. Dist.*,
   68 Cal. App. 4th 1149 (1998) ...................................................................... 14

*Thibodeau v. Crum*,
   4 Cal. App. 4th 749 (1995) ......................................................................... 10

*Tice v. American Airlines, Inc.*,
   162 F.3d 966 (7th Cir. 1998) ....................................................................... 12

*Ting v. AT&T*,
   319 F.3d 1126 (9th Cir. 2002) ....................................................................... 4

*U.S. Philips Corp. v. Sears, Roebuck & Co.*,
   55 F.3d 592 (Fed. Cir. 1995)........................................................................ 13

*U.S. v. Grunley Constr.*,
   433 F. Supp. 2d 104 (D.D.C. 2006) ............................................................... 3

*Urban Inv., Inc. v. Branham*,
   464 A. 2d 93 (D.C. 1983) .............................................................................. 6

*\*Walther v. Sovereign Bank*,
   872 A.2d 735 (Md. 2005) .............................................................................. 9

*Wimsatt v. Beverly Hills Weight etc. Intern.*,
   32 Cal. App. 4th 1511 (1995) ...................................................................... 13

**Statutes**

9 U.S.C. § 2 (2006) ............................................................................................ 6

D.C. Code § 11-1321 (2001)............................................................................... 8

**Other Authorities**

Restatement (Second) of Conflict of Laws § 187 (1971) ............................................ 3

Restatement (Second) of Contracts § 208 (1981) ...................................................... 6

**Rules**

D.C. LCvR 7(h)................................................................................................................. 1

Fed. R. Civ. P. 56(a) ......................................................................................................... 1

Plaintiff Szymkowicz's Opposition does not dispute that: (1) the Customer Agreement between DIRECTV and Szymkowicz contains an arbitration clause requiring him to arbitrate claims against DIRECTV; (2) Szymkowicz's claims in his Complaint are covered by that arbitration clause; (3) the choice-of-law provision in the Customer Agreement requires District of Columbia law to govern the parties' Customer Agreement; and (4) under District of Columbia law, the arbitration clause is valid and enforceable. Because these facts are undisputed, the Federal Arbitration Act requires that this Court dismiss or stay this case and compel arbitration of Szymkowicz's claims.

Szymkowicz's Opposition nevertheless argues that this Court should ignore these undisputed facts and the Federal Arbitration Act, and should instead adopt a California case that addressed a different contract between a different plaintiff and DIRECTV, who agreed to apply a different state's laws to their agreement. But Szymkowicz provides no authority that would permit this Court to disregard Szymkowicz's and DIRECTV's choice-of-law agreement and adopt another state's contrary law. As explained below, Szymkowicz and DIRECTV are bound by their agreement that District of Columbia law governs, and neither the California *Cohen* case nor the doctrines of res judicata and collateral estoppel apply here. Szymkowicz's claims must be resolved in arbitration according to the parties' arbitration agreement.[1]

---

[1]    Szymkowicz styles his response to DIRECTV's opening brief as both an "opposition" and a "cross-motion" for a declaratory judgment. But Szymkowicz has not fulfilled the requirements for moving for a declaratory judgment, including submitting a statement of material facts (D.C. LCvR 7(h)), and has not met his burden of proof for such a judgment. *See* Fed. R. Civ. P. 56(a) (procedural rules for summary judgment motions apply to motions for declaratory judgment). On the merits, Szymkowicz's "cross-motion" also fails as a matter of law for the reasons set forth in this reply brief and in DIRECTV's opening brief.

I.     **BECAUSE THE PARTIES AGREED THAT DISTRICT OF COLUMBIA LAW GOVERNS, THE ARBITRATION AGREEMENT IS ENFORCEABLE AND CALIFORNIA'S MINORITY VIEW DOES NOT APPLY.**

Szymkowicz's Opposition does not dispute the enforceability of the parties' choice of District of Columbia law.  Rather, Szymkowicz's Opposition asks this Court to ignore District of Columbia law, as well as guiding Maryland law, and instead to adopt recent California law holding that class arbitration waivers in consumer contracts should rarely, if ever, be enforced.  But there is no basis for this Court to adopt California's minority view, nor the *Cohen v. DIRECTV* opinion.

First, under D.C. choice-of-law rules, this Court must enforce the parties' choice-of-law agreement.  Szymkowicz's "place of incorporation" argument (Opp. at 7, 17) is not only irrelevant to that analysis, it would not require applying California law even if the parties had not already agreed to apply D.C. law.  Second, Szymkowicz's assertion that the District is silent on the unconscionability question presented (Opp. at 7) is also not correct.  The District of Columbia has well-developed law on unconscionability, and has case law on the class waiver issues Szymkowicz specifically raises.  Third, if this Court believes that District of Columbia law is uncertain in any way, District of Columbia courts look to Maryland law, from which the District borrowed its common law, not California law.  Maryland law has directly addressed the question at issue, and enforces class waivers in consumer arbitration agreements.

A.     **The Parties Agreed That District Of Columbia Law Governs The Interpretation And Enforcement Of Their Agreement.**

District of Columbia federal courts, sitting in diversity, enforce agreed-upon choice-of-law provisions, except in limited circumstances.  "Unless the parties' choice of law is that of a state lacking a substantial relationship to the parties or the transaction, or unless the chosen law would contradict a fundamental policy of the District of Columbia, a District of Columbia court

would enforce the contract provision [] and this Court, sitting in diversity, must do likewise." *Godbey v. Frank E. Basil, Inc.*, 603 F. Supp. 775, 776 (D.D.C. 1985) (citing Restatement (Second) of Conflict of Laws § 187 (1971)); *see also Norris v. Norris*, 419 A.2d 982, 984 (D.C. 1980) ("The general rule is that parties to a contract may specify the law they wish to govern, as part of their freedom to contract, as long as there is some reasonable relationship with the state specified.").

Szymkowicz admits in his Complaint that the Customer Agreement "governs the delivery of DIRECTV service to its customers, including Plaintiff Szymkowicz" and cites specifically to the choice-of-law provision. Compl. ¶¶ 68-69. In that choice-of-law provision, the parties here agreed that "[t]he interpretation and enforcement of this Agreement shall be governed by . . . the laws of the state and local area where Service is provided to [the customer]." *See* Compl. ¶ 69; Ex. D to 3/29/07 Johnson Decl., § 10(b) ("Applicable Law"). Szymkowicz admits that he resides in the District of Columbia (*see* Compl. ¶ 1), and that DIRECTV provided service to him at his residence in the District of Columbia. *See id.* ¶¶ 28, 32. Szymkowicz does not assert that a substantial relationship to D.C. is lacking, nor that applying D.C. law would violate any District policy, much less a "fundamental" one. As a result, the parties' agreed-upon choice of D.C. law applies to the interpretation and enforceability of the arbitration agreement. *See U.S. v. Grunley Constr.*, 433 F. Supp. 2d 104, 109 (D.D.C. 2006) (holding that choice-of-law clause could be enforced where one party was incorporated in the chosen state and contract was signed in that state); Restatement (Second) of Conflict of Laws § 187, cmt. f (noting that a "substantial relationship" exists when the state is "where performance by one of the parties is to take place or where one of the parties is domiciled or has his principal place of business").

**B.      Szymkowicz Has No Legal Basis For Asking This Court To Disregard The Parties' Choice Of Law And To Instead Apply California Law.**

Rather than squarely address the parties' choice-of-law agreement, Szymkowicz ignores it and argues, without citing any authority, that DIRECTV's "place of incorporation" dictates what law applies to this Court's analysis. *See* Opp. at 7, 17. But a party's state of incorporation only becomes one (of several) factors in determining which state's law to apply to a particular dispute when there is no choice-of-law agreement between the parties. *See, e.g.*, *Samra v. Shaheen Bus. and Inv. Group, Inc.*, 355 F. Supp. 2d 483, 498 (D.D.C. 2005) (when "**there is no specification by the parties of which jurisdiction's law will govern their agreement**," courts should then look at the Restatement (Second) of Conflict of Laws Section 188 factors, including where a company resides or is incorporated, to determine which jurisdiction has a "more substantial interest" in the resolution of the issues) (emphasis added). Because the parties here have already chosen the law that governs their agreement, Szymkowicz's proposed "place of incorporation" analysis, incomplete as it is, does not apply.

Moreover, it is not "strange," as Szymkowicz suggests (*see* Opp. at 17), that the law governing citizens of one state is different from the laws governing citizens of other states, nor that different rulings occur in different states with respect to similar issues. Indeed, class action waivers in particular have been enforced in most states, but disapproved in others:

- *Compare Davidson v. Cingular Wireless LLC*, 2007 WL 896349, at *8 (E.D. Ark. Mar. 23, 2007) (holding class arbitration waiver in Cingular's customer agreement valid and enforceable under Arkansas law) *with Kinkel v. Cingular Wireless LLC*, 857 N.E.2d 250 (Ill. 2006) (holding class arbitration waiver in Cingular's customer agreement unconscionable under Illinois law).

- *Compare Rivera v. AT&T*, 420 F. Supp. 2d 1312, 1321 (S.D. Fla. 2006) (stating that class arbitration waiver in AT&T customer agreement would be upheld under Florida law) *with Ting v. AT&T*, 319 F.3d 1126, 1152 (9th Cir. 2002) (finding class arbitration waiver in AT&T customer agreement unconscionable under California law).

- *Compare America Online, Inc. v. Booker*, 781 So. 2d 423, 425 (Fla. Dist. Ct. App. 2001) (applying Florida law and enforcing America Online forum selection clause even though forum selected did not permit class actions) *with America Online, Inc. v. Super. Ct.*, 90 Cal. App. 4th 1, 18 (2001) (applying California law and refusing to uphold America Online forum selection clause).

Likewise, in *Discover Bank v. Super. Ct. (Boehr)*, 36 Cal. 4th 148, 153 (2005), which was the basis for the *Cohen* decision, the California Supreme Court held that, under California law, class arbitration waivers in consumer contracts are unconscionable under certain circumstances.  The *Boehr* decision could have potentially rendered unconscionable the class waiver in Discover Bank's customer contract, but the Court remanded the issue of which law governed the Discover Bank agreement without making that ultimate decision.  On remand, the California Court of Appeal held that the parties' contractual choice of Delaware law governed. Under Delaware law, the California Supreme Court's *Boehr* analysis did not apply to the Discover Bank customer contract, and the Court of Appeal enforced Discover Bank's class arbitration waiver.  *See Discover Bank v. Super. Ct.*, 134 Cal. App. 4th 886, 893 (2005).

*Boehr* governed in *Cohen v. DIRECTV*, however, because California law applied to DIRECTV's contract with a California customer.  But it does not govern here, where the parties agreed that District of Columbia law governs their agreement.  And different laws can mean different results.  *See* Alan S. Kaplinsky, *A Scorecard On Where Federal And State Appellate Courts And Statutes Stand On Enforcing Class Action Waivers In Pre-Dispute Consumer Arbitration Agreements*, 12th Annual Consumer Fin. Services Litigation Inst., 1591 PLI/Corp 9, at *33 (March-May 2007) (demonstrating that the laws differ across the states, and noting that District of Columbia is listed as one of twelve states in which "[c]lass action waivers OK" and California is listed as one of two states in which "[c]lass action waiver invalid for small consumer claims in 'take-it-or-leave-it contract'").

That different states have different laws is not "strange."  Individual states develop their own laws, and parties have the right to enter into reasonable choice-of-law provisions, including those that select a consumer's home state's laws to govern.

### C.    District Of Columbia Law Addresses Szymkowicz's Unconscionability Arguments And Enforces The Parties' Arbitration Provision.

Once DIRECTV established the prerequisites to compel arbitration, as it did in its Motion to Compel, the Federal Arbitration Act requires this Court to enforce the parties' arbitration agreement according to its terms, unless Szymkowicz proves that the agreement is unenforceable according to general contract principles.  *See* 9 U.S.C. § 2 (2006).  Szymkowicz challenges the arbitration agreement's enforceability on unconscionability grounds.

District of Columbia courts have established common law principles of unconscionability that apply to all contracts.  Under District of Columbia law, the purpose of the unconscionability doctrine is to prevent "oppression and unfair surprise."  *Urban Inv., Inc. v. Branham*, 464 A. 2d 93, 99 (D.C. 1983) (citation omitted).  Contracts of adhesion are not unconscionable, unless one of the parties lacked a meaningful choice in the matter and the contract's terms were unreasonably favorable to the other party.  *See Smith, Bucklin & Assocs., Inc. v. Sonntag*, 83 F.3d 476, 480 (D.C. Cir. 1996).  A contract is "not unconscionable merely because the parties to it are unequal in bargaining position . . . ."  *Ass'n of Am. Med. Colleges v. Princeton Review, Inc.*, 332 F. Supp. 2d 11, 16 (D.D.C. 2004) (citing Restatement (Second) of Contracts § 208 cmt. d. (1981)).  And the availability of consumer choice mitigates against a finding of procedural unconscionability.  *See Morris v. Capitol Furniture & Appliance Co.*, 280 A.2d 775, 776 (D.C. 1971).  But Szymkowicz never cites or analyzes applicable District law.  Rather, Szymkowicz incorrectly tells the Court that District law is silent on the issue.  *See* Opp. at 7.

The District of Columbia not only generally addresses unconscionability principles, but it also specifically addresses unconscionability in the context of class action waivers.  In *Forrest v. Verizon Comms., Inc.*, 805 A.2d 1007 (D.C. 2002), the District of Columbia Court of Appeals ruled that under District of Columbia law, a Virginia forum-selection clause that precluded the filing of a class action was not unconscionable.  *Id.* at 1012-13.  *Forrest*'s analysis applies here as well.  *See* DIRECTV's Mem. on Mot. to Compel Arb. at 8-9; *see also Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 (1974) ("An agreement to arbitrate before a specified tribunal is, in effect, a specialized kind of forum-selection clause that posits not only the situs of suit but also the procedure to be used in resolving the dispute.").  Szymkowicz's Opposition ignored *Forrest*, but this Court should not.

District of Columbia law also directly addresses Szymkowicz's argument (which he makes under California law, of course) that the parties' arbitration agreement is unconscionable because the costs of pursuing his individual claims allegedly outweigh the amount in controversy.  *See* Opp. at 12.  In *Forrest*, the plaintiff also argued that it would be too expensive to prosecute his individual claims without a class action, and that for those reasons the Virginia forum-selection clause was unconscionable.  The *Forrest* court disagreed, noting that even if the plaintiff could not bring a class action in Virginia, he could still seek either small claims relief or recover attorneys' fees, and therefore was not being deprived of "his day in court."  *See Forrest*, 805 A.2d at 1012-13.  Likewise, Szymkowicz's arbitration agreement limits his own arbitration costs at $125, permits him to bring his claim in small claims court (provided in the JAMS rules incorporated into the parties arbitration agreement), and allows Szymkowicz to "seek any and all remedies otherwise available to [him] pursuant to [his] state's law."  Ex. D to 3/29/07 Johnson Decl., § 9(b).  Indeed, Szymkowicz has already done the latter by invoking the D.C. Consumer

Protection Procedures Act and seeking attorneys' fees as part of his Complaint.[2]  *See* Compl.

¶¶ 107-113 and request for relief.

>    **D.    To The Extent There Is Any Lingering Uncertainty, Maryland Law Should Inform The Court's Decision.**

To the extent this Court has any lingering concern about whether District of Columbia

law disposes of the issues here, the Court should look to Maryland law for guidance.  *See*

*Sigmund v. Progressive N. Ins. Co*., 374 F. Supp. 2d 33, 36 (D.D.C. 2005) ("If there is no D.C.

law on point, 'the District of Columbia courts should look to the law of Maryland for guidance . .

. .'") (citing *Conseco Indus., Ltd. v. Conforti & Eisele, Inc.*, 627 F.2d 312, 316 (D.C. Cir. 1980)).

Looking to Maryland law when the question is one of common law makes sense because the

District adopted Maryland common law as its own.  *See, e.g.*, *Napoleon v. Heard*, 455 A.2d 901,

903 (D.C. 1983) (describing Maryland as the "source of the District's common law" and "an

especially persuasive authority" when the District's common law is silent).

In fact, the *Forrest* Court itself relied on Maryland law in ruling that the Virginia forum-

selection clause at issue was enforceable.  *See Forrest*, 805 A.2d at 1012 (citing *Gilman v.

Wheat, First Sec., Inc.*, 692 A.2d 454, 463 (Md. 1997)).  *Gilman* described Maryland's public

policy toward class action litigation this way:

---

[2]    Because Szymkowicz's father is both class counsel and Szymkowicz's law partner, both Szymkowicz and his dad have a vested interest, not in resolving their disputes (either informally, or formally through the arbitration process), but in prosecuting this dispute as a class action.  Courts fear "the danger of champerty" when there is a "close relationship between the putative class representative and counsel" and when the "possible recovery of the class representative is far exceeded by potential attorneys' fees."  *Susman v. Lincoln Am. Corp.*, 561 F.2d 86, 91 (7th Cir. 1977) (class certification inappropriate where, in one case, the class counsel was the brother of the class representative, and in another case, the class counsel worked for the same firm as the class representative); *accord London v. Wal-Mart Stores*, 340 F.3d 1246, 1254-55 (11th Cir. 2003) (overturning trial court's class certification based on "long-standing personal friendship" of class counsel and class representative and because trial court ignored "significant personal and financial ties").  In any event, the costs of litigating his individual claim would likely be minimal because Szymkowicz — a litigation attorney — could represent himself in District of Columbia small claims court for disputes up to $5000, exclusive of interest, attorneys' fees, and costs.  *See* D.C. Code § 11-1321 (2001).

> [O]ther than the fact that Maryland allows class action suits and Virginia
> allegedly does not, Gilman has failed to identify any strong public policy of
> Maryland that would be violated by enforcing the clause. . . . Maryland does have
> a public policy with respect to class actions.  By rule, it permits such actions, and,
> by statute, it allows the separate claims of class action plaintiffs to be aggregated
> in order to meet the $2500 jurisdictional threshold of the circuit courts.  The
> public policy does not extend any further, however.  Maryland law does not
> mandate such actions; it does not require that a plaintiff who *could* file such an
> action do so, in lieu of pursuing an individual action or joining with other persons
> as individual co-plaintiffs.

*Gilman*, 692 A.2d at 464 (citations omitted).  Maryland permits class actions; it does not require

class actions.  Szymkowicz has not identified any differing policy in the District of Columbia.

Further, Maryland rejects California decisions like *Cohen* and its ilk for paying "short

shrift" to both Maryland and federal policy favoring arbitration.  *See Walther v. Sovereign Bank*,

872 A.2d 735, 750-51 (Md. 2005).  In *Walther*, the Maryland Supreme Court criticized the

"unquestionably minority view that finds that a no-class-action provision in an arbitration

agreement can make the agreement unconscionable and unenforceable," including the California

cases that preceded both *Boehr* and *Cohen*.  *Id.*  This Court should reject Szymkowicz's

invitation to similarly undermine District of Columbia law and policy.

Because District of Columbia law governs the interpretation and enforcement of the

parties' arbitration agreement, there is no basis for applying the California *Cohen* analysis here.

Moreover, as discussed below, neither res judicata nor collateral estoppel requires a different

result.

## II.    NEITHER RES JUDICATA NOR COLLATERAL ESTOPPEL REQUIRES THIS COURT TO ADOPT THE *COHEN* DECISION.

After ignoring controlling District of Columbia (and persuasive Maryland) authority,

Szymkowicz argues that the doctrines of res judicata and collateral estoppel "preclude the

relitigation of the class action waiver and arbitration issues contained in the DirecTV Customer

Agreement."  Opp. at 13.  But neither doctrine applies here.  Res judicata applies defensively to

avoid piecemeal litigation by a plaintiff, not offensively in the manner Szymkowicz proposes in his Opposition. And collateral estoppel does not apply because the enforceability of Szymkowicz's 2006 arbitration agreement with DIRECTV under District of Columbia law has never been litigated.

### A.    This Court Must Look To California Law To Decide Whether *Cohen* Has Any Preclusive Effect On This Case.

California law has just one role to play here. A federal court considering the preclusive effect of a state court's prior judgment must apply that state's law of preclusion. *See Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 372-73 (1996) ("The [Full Faith and Credit] Act thus directs all courts to treat a state court judgment with the same respect that it would receive in the courts of the rendering state. Federal courts may not 'employ their own rules . . . in determining the effect of state judgments,' but must 'accept the rules chosen by the State from which the judgment is taken.'") (citing *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481-82 (1982)). Because *Cohen* is a California state decision, this Court applies California law to determine whether *Cohen* has any preclusive effect in this case.

### B.    Under California Law, *Cohen* Has No Res Judicata Effect On The Claims Between Szymkowicz And DIRECTV.

The doctrine of res judicata seeks to avoid conducting litigation in a "piecemeal fashion." *See Ruby v. Debovsky*, 126 Cal. App. 2d 21, 25 (1954). The threat of res judicata forces plaintiffs to raise all their related claims in the first case, because "[a] party cannot by negligence or design withhold issues and litigate them in consecutive actions." *Thibodeau v. Crum*, 4 Cal. App. 4th 749, 755 (1995). To preclude a party from bringing a claim, the party claiming res judicata must show: (1) relitigation of (2) the same cause of action in a second suit between (3) the same parties or parties in privity with them. *See, e.g.*, *Alpha Mech., Heating & Air*

*Conditioning v. Travelers' Cas. & Sur. Co. of Am.*, 133 Cal. App. 4th 1319, 1326 (2005) (citing

*Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896 (2002)).

Szymkowicz's attempt to impose offensive res judicata against DIRECTV is improper.

As a policy matter, res judicata is designed to protect defendants (and the courts) from wasteful,

duplicative litigation. *See Allied Fire Prot. v. Diede Constr., Inc.*, 127 Cal. App. 4th 150, 154

(2005) ("A predictable doctrine of res judicata benefits both the parties and the courts because it

'seeks to curtail multiple litigation causing vexation and expense to the parties and wasted effort

and expense in judicial administration.'") (citations omitted). Because DIRECTV has not

asserted any causes of action against Szymkowicz in this or any other case, there is no basis for

"precluding" any claims that DIRECTV might have against him.

Nor is Szymkowicz relitigating the same causes of action that Cohen is litigating with

DIRECTV. Cohen has not asserted a declaratory judgment claim against DIRECTV or any

causes of action regarding High Definition DVR service. *See Cohen v. DIRECTV, Inc.*, 142 Cal.

App. 4th 1442, 1445 (2006). In fact, as discussed further below, both the law and facts

underlying Szymkowicz's claims are different than those underlying Cohen's claims.

Plus, Szymkowicz has not shown (or even attempted to show) that he is in privity with

the plaintiff in *Cohen*. Traditionally, a party is in privity with another party where it has "an

interest in the subject matter of litigation acquired after rendition of the judgment through or

under one of the parties, as by inheritance, succession or purchase." *Clemmer v. Hartford Ins.*

*Co.*, 22 Cal. 3d 865, 875 (1978). The concept of privity has also been expanded to refer to a

mutual or successive relationship to the same rights of property, or to such an identification of

interest of one person with another as to represent the same legal rights. *See id.* But

Szymkowicz does not meet any of those tests. Nor has he been bound to any decision in *Cohen*

11

as part of a class because no *Cohen* class has been certified. *See Ethnic Employees of Library of Cong. v. Boorstin*, 751 F.2d 1405, 1409 (D.C. Cir. 1985) ("Persons who are not parties to an action are not bound by the judgment in the action."); *see also Tice v. American Airlines, Inc.*, 162 F.3d 966, 972-73 (7th Cir. 1998) ("Unless there is a properly certified class action, handled with the procedural safeguards both state and federal rules afford, normal privity analysis must govern whether nonparties to an earlier case can be bound to the result.").

Accordingly, the doctrine of res judicata does not apply here and does not preclude a decision regarding the enforceability of the parties' arbitration agreement under D.C. law.

### C. Collateral Estoppel Does Not Apply Because The Enforceability Of The Parties' 2006 Arbitration Agreement Under D.C. Law Has Not Been Decided.

Collateral estoppel is designed to avoid inconsistent rulings and prevent vexatious litigation by barring the relitigation of certain issues settled by prior litigation. *See Mooney v. Caspari*, 138 Cal. App. 4th 704, 721 (2006). But the collateral estoppel test is a difficult one to meet. It requires: (1) that the issue be necessarily decided and identical to the one sought to be relitigated; (2) a final judgment on the merits; (3) that the party against whom collateral estoppel is asserted was a party or in privity with a party at the prior proceeding; and (4) that the courts consider whether the party against whom the earlier decision is asserted had a "full and fair" opportunity to litigate the issue. *See Rodgers v. Sargent Controls & Aerospace*, 136 Cal. App. 4th 82, 90 (2006).

To achieve identity of issues, the current issue must be identical in "all respects" to the issues raised in the earlier proceeding. *See Comm'r of Internal Revenue v. Sunnen*, 333 U.S. 591, 599-600 (1948) ("[C]ollateral estoppel must be used with its limitations carefully in mind so as to avoid injustice. It must be confined to situations where the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where the controlling facts

and applicable legal rules remain unchanged."). Collateral estoppel is improper where the law controlling the first litigation is not exactly the same as the law controlling the second litigation. *See, e.g.*, *U.S. Philips Corp. v. Sears, Roebuck & Co.*, 55 F.3d 592, 598 n.4 (Fed. Cir. 1995) (holding that collateral estoppel "can not lie when the issues or **applicable law** differ") (citing *Sunnen*, 333 U.S. at 599-601) (emphasis added).

Szymkowicz's collateral estoppel claim fails right off the bat. As DIRECTV explained above, District of Columbia law applies here and is different from the California law that applies in *Cohen*. As the California courts have put it: "Different sovereignties, different rules, different burdens: no collateral estoppel." *See Wimsatt v. Beverly Hills Weight etc. Intern.*, 32 Cal. App. 4th 1511, 1514 (1995).

Not only is the applicable law different, but the Customer Agreement is different too. Szymkowicz's Customer Agreement is dated May 1, 2006. Compl. ¶ 68 ("The DirecTV Customer Agreement dated May 1, 2006 that currently governs the delivery of DirecTV service to its customers, including Plaintiff Szymkowicz"); *see also* Opp. at 3. The Customer Agreement at issue in the *Cohen* decision is dated October 2004. *See Cohen*, 142 Cal. App. 4th at 1445. The issue of whether Szymkowicz's 2006 arbitration agreement with DIRECTV is enforceable under D.C. law is not the issue that was litigated in *Cohen*. Thus, DIRECTV has not had a "full and fair" opportunity to litigate the issue before this Court. Therefore, collateral estoppel does not apply.

Even if Szymkowicz could pass this threshold test, this Court would still have to determine whether applying collateral estoppel will serve "[the doctrine's] underlying fundamental principles" and satisfy "due process." *See Rodgers*, 136 Cal. App. 4th at 91. Satisfying due process, in turn, requires "that the party to be estopped should reasonably have

expected to be bound by the prior adjudication." *Id.* at 92 (citing *Sutton v. Golden Gate Bridge, Highway & Trans. Dist.*, 68 Cal. App. 4th 1149, 1155 (1998)). But DIRECTV could not have expected to be bound in the District of Columbia, under D.C. law, by a result in California, based on a different contract governed by California law. Collateral estoppel does not preclude this Court from enforcing Szymkowicz's arbitration agreement with DIRECTV in accordance with District of Columbia law and the Federal Arbitration Act.

## III.    CONCLUSION

For all the foregoing reasons, as well as those stated in DIRECTV's opening Memorandum of Points and Authorities, this Court should dismiss Szymkowicz's Complaint and compel his claims to arbitration in accordance with Section 9 of the parties' Customer Agreement.

Dated:  April 23, 2007                          Respectfully submitted by,

                                                KIRKLAND & ELLIS LLP


                                                        /s/ Marimichael O. Skubel
                                                Marimichael O. Skubel (D.C. Bar No. 294934)
                                                mskubel@kirkland.com
                                                KIRKLAND & ELLIS LLP
                                                655 Fifteenth Street, N.W.
                                                Washington, D.C.  20005-5793
                                                Tel:  (202) 879-5000
                                                Fax:  (202) 879-5200

                                                Michael E. Baumann (D.C. Bar No. 339028)
                                                mbaumann@kirkland.com
                                                Melissa D. Ingalls (D.C. Bar No. 501060)
                                                mingalls@kirkland.com
                                                KIRKLAND & ELLIS LLP
                                                777 S. Figueroa Street, 37th Floor
                                                Los Angeles, California  90017
                                                Tel.: (213) 680-8400
                                                Fax.: (213) 680-8500

                                                Attorneys for Defendant DIRECTV, INC.

14

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that a true and correct copy of the foregoing has been served on the 23rd day of April, 2007, upon the following individual by operation of the Court's electronic filing system:

John T. Szymkowicz
1220 19th Street, N.W., Suite 400
Washington, DC 20036-2438
(202) 862-8500

_____/s/ Marimichael O. Skubel_____
Attorney for Defendant DIRECTV, Inc.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

J. P. SZYMKOWICZ,             )
                                    )
                                    )
             Plaintiff,            )
                                    )    CIVIL ACTION NUMBER: 1:07-CV-00581
       vs.                          )
                                    )    The Honorable Paul L. Friedman
DIRECTV, INC.,              )
                                    )
             Defendant.       )
                                    )
                                    )
_____ )

# SUPPLEMENTAL DECLARATION OF MICHAEL JOHNSON IN SUPPORT OF
# DIRECTV'S MOTION TO DISMISS OR STAY PROCEEDINGS
# PENDING ARBITRATION AND TO COMPEL ARBITRATION

I, Michael Johnson, declare as follows:

1. I submit this supplemental declaration in support of DIRECTV's Motion to Dismiss or Stay Proceedings Pending Arbitration and to Compel Arbitration. The facts contained in this declaration are based on my personal knowledge or my review of corporate records, and I can testify competently to them if called upon to do so.

2. In my declaration dated March 29, 2007, I stated that DIRECTV mailed Mr. Szymkowicz his 2001 Customer Agreement along with his September 17, 2001 billing statement. Upon further review, it has come to my attention that DIRECTV actually mailed Mr. Szymkowicz this Customer Agreement, which is attached as Exhibit B to my previous declaration, with his December 17, 2001 billing statement.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _April 17, 2007_

_Michael Johnson_ (signature)

Michael Johnson

1

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that a true and correct copy of the foregoing has been served on the 23rd day of April, 2007, upon the following individual by operation of the Court's electronic filing system:

John T. Szymkowicz
1220 19th Street, N.W., Suite 400
Washington, DC 20036-2438
(202) 862-8500

_____/s/ Marimichael O. Skubel_____
Attorney for Defendant DIRECTV, Inc.