UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| J. P. SZYMKOWICZ, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-0581 (PLF) |
| DIRECTV, Inc., | ) |
| Defendant. | ) |

MEMORANDUM OPINION AND ORDER

Plaintiff J. P. Szymkowicz brought this action against his television provider, DirecTV, Inc., in the District of Columbia Superior Court. Defendant removed the matter to this Court. This matter is now before the Court on defendant DirecTV's motion under Rule 12(b) of the Federal Rules of Civil Procedure and the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, to dismiss or, in the alternative, to stay the proceedings and compel arbitration ("Mot."). Plaintiff has cross-moved for a declaratory judgment that the arbitration clause at issue in this case is unconscionable and therefore unenforceable.

The Federal Arbitration Act ("FAA") provides that a "written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon any grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA applies to any transaction involving interstate commerce and creates a strong presumption in favor of the enforcement of agreements to arbitrate; any doubts

regarding the scope of an agreement to arbitrate are to be resolved in favor of arbitration.  See Shearson/American Express, Inc. v. McMahon, 482 U.S. 220, 226-27 (1987) (with enactment of the FAA Congress mandated that arbitration agreements be rigorously enforced); see also Moses H. Cone Memorial Hospital v. Mercury Construction Corporation, 460 U.S. 1, 24-25 (1983); Finegold, Alexander & Assocs. v. Setty & Assocs., 81 F.3d 206, 207-08 (D.C. Cir. 1996).  The Supreme Court has stressed that "the liberal federal policy favoring arbitration agreements, manifested by this provision and the Act as a whole, is at bottom a policy guaranteeing the enforcement of private contractual arrangements."  Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 625 (1985).

In Mitsubishi, the Supreme Court provided the standard by which motions to compel arbitration should be evaluated.  The Court's first task "is to determine whether the parties agreed to arbitrate [the] dispute," keeping in the forefront the strong policy favoring arbitration.  Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. at 626.  If the Court finds that the parties did agree to arbitrate the dispute at issue, the Court then must determine "whether legal constraints external to the parties' agreement foreclose[] the arbitration of those claims."  Id. at 628.  In other words, is there a competing statute or policy that outweighs the strong interest in referral to arbitration?

> The arbitration provision in this case provides, in relevant part:
>
> In order to expedite and control the costs of disputes, you and we agree that any legal or equitable claim relating to this Agreement, any addendum, or your Service (referred to as a "Claim") will be resolved as follows:
>
> . . .

> [I]f we cannot resolve a Claim informally, any Claim either of us asserts will be resolved only by binding arbitration. The arbitration will be conducted under the rules of JAMS that are in effect at the time the arbitration is initiated . . . and under the rules set forth in this Agreement.  . . . **ARBITRATION MEANS THAT YOU WAIVE YOUR RIGHT TO A JURY TRIAL**.

Declaration of Michael Johnson, Exh. D, § 9 (emphasis in original).  The arbitration provision further provides:

> Neither you nor we shall be entitled to join or consolidate claims in arbitration by or against other individuals or entities, or arbitrate any claim as a representative member of a class or in a private attorney general capacity. Accordingly, you and we agree that the JAMS Class Action Procedures do not apply to our arbitration. If, however, the law of your state would find this agreement to dispense with class arbitration procedures unenforceable, then this entire Section 9 is unenforceable.

Id.

Relying primarily on a state court case from California, Cohen v. DirecTV, Inc., 142 Cal. App. 4th 1442 (Cal. App. 2nd Dist. 2006), plaintiff's primary argument against arbitration is that the contract provision mandating arbitration is unconscionable because of its waiver of class action procedures.  See Plaintiff's Response to Defendant's Motion to Dismiss or Stay Proceedings Pending Arbitration and to Compel Arbitration and Cross-Motion for Declaratory Judgment on the Issue of the Unconscionability of the Class Action Waiver and the Resulting Unenforceability of the Arbitration Clause ("Opp.") at 5-6.  It is settled that unconscionable contracts will not be enforced in court.  See Williams v. Walker-Thomas Furniture Co., 350 F.2d 445, 448 (D.C. Cir. 1965).  In order to make a showing of unconscionability, a party must show "the absence of a meaningful choice on the part of the parties to a contractual agreement, plus contract terms which are unreasonably favorable to the

other party[.]" Morris v. Capitol Furniture & Appliance Co., 280 A.2d 775, 776 (D.C. 1971). The Court does not agree with plaintiff that the arbitration provision waiving class action procedures at issue in this case is unconscionable under District of Columbia law.

Plaintiff relies heavily, almost exclusively, on a case decided under California law in California's state courts, Cohen v. DirecTV, Inc., 142 Cal. App. 4th 1442. As defendant notes, the issue decided favorably to plaintiff's position by the California court comes out differently under the law of other states, including Maryland.[1] "Numerous courts, both federal and state, have rigorously enforced no-class-action provisions in arbitration agreements and found them to be valid provisions of such agreements and not unconscionable." Walther v. Sovereign Bank, 872 A.2d 735, 750 (Md. 2005) (collecting and citing cases, and adopting that rule).

---

[1] As Judge Huvelle has succinctly noted:

> A federal court exercising diversity jurisdiction, however, is not to "make bold forays into terra incognita in order to chart the way to justice, but . . . faithfully to apply the law of the state that the courts of the jurisdiction in which we sit, the District of Columbia, would apply . . . ." Tidler v. Eli Lilly & Co., 851 F.2d 418, 424 (D.C. Cir. 1988); see also Dayton v. Peck, Stow & Wilcox Co., 739 F.2d 690, 694-95 (1st Cir. 1984) ("[W]e see no basis for even considering the pros and cons of innovative theories . . . . We must apply the law of the forum as we infer it presently to be, not as it might come to be."). *If there is no D.C. law on point, "the District of Columbia courts should look to the law of Maryland for guidance . . . ."* Conesco Indus., Ltd. v. Conforti & Eisele, Inc., 627 F.2d 312, 316 (D.C. Cir. 1980); see Athridge v. Aetna Cas. & Sur. Co., 163 F. Supp. 2d 38, 45 (D.D.C. 2001).

Sigmund v. Progressive Northern Ins. Co., 374 F. Supp. 2d 33, 36 (D.D.C. 2005) (emphasis added) (footnote omitted).

The District of Columbia Court of Appeals, while it has not spoken directly on the issue presented in this case, has adopted the rule that forum selection clauses are "prima facie valid and will be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." Forrest v. Verizon Communications, 805 A.2d 1007, 1010 (D.C. 2002). The D.C. Court of Appeals reached that conclusion in a case where plaintiff argued that the forum selection clause should not be enforced because it selected a forum (Virginia) that is one of only two states not to have a class action procedure. See id. at 1011. The D.C. Court of Appeals rejected that argument and upheld the forum selection clause. See id. Defendant argues that "Forrest's logic extends naturally to this case. Indeed, '[a]n arbitration agreement is a species of forum-selection clause . . . .'" Mot. at 9 (quoting and citing Allied-Bruce Terminix Cos. v. Dobson, 513 U.S. 265, 289 (1995). The Court agrees, and therefore concludes that the existence of a provision excluding class action procedures from arbitration does not render the arbitration provision in this case unconscionable and unenforceable.

Plaintiff also argues that under the doctrines of res judicata and collateral estoppel defendant DirecTV is bound in this case by the decision of the California appellate court in Cohen. See Opp. at 13-16. The Court disagrees. Under the doctrine of res judicata, or claim preclusion, "a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." Holland v. Nat'l Mining Ass'n, 309 F.3d 808, 813 (D.C. Cir. 2002) (quoting and citing Parklane Hosiery Co. v. Shore, 439 U.S. 322, 327 n. 5 (1979)); see Allen v. McCurry, 449 U.S. 90, 94 (1980) ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."). Plaintiff was not a "party" or privy to a party in

Cohen, so the doctrine of res judicata does not apply.

The Court concludes that defendant is not bound under the doctrine of collateral estoppel, or issue preclusion. The Supreme Court has explained that under the doctrine of collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude litigation of the issue in a suit on a different cause of action involving a party to the first case." Allen v. McCurry, 449 U.S. at 94 (citing Montana v. United States, 440 U.S. 147, 153 (1979)). As defendant correctly notes, collateral estoppel will not be used to bind a party when the applicable law differs. See U.S. Phillips Corp. v. Sears, Roebuck & Co., 55 F.3d 592, 598 n.4 (Fed. Cir. 1995) (citing Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 599-601 (1948). Cohen was decided under California law, and District of Columbia law controls the present case. Accordingly, collateral estoppel will not operate to preclude defendant from litigating any issues properly raised by this lawsuit.

The Court concludes that this matter must be arbitrated before it may proceed. Accordingly, it is hereby

ORDERED that defendant DirecTV's motion to dismiss or to stay [3] is GRANTED in part and DENIED in part; more specifically, it is

FURTHER ORDERED that the motion to stay the proceedings pending arbitration is GRANTED; it is

FURTHER ORDERED that the parties are to submit their claims to arbitration in accordance with the parties' arbitration agreement; and it is

FURTHER ORDERED that this case is STAYED pending the outcome of the arbitration. The parties shall submit a joint status report to the Court on or before September 1, 2007 and every 90 days thereafter.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: May 9, 2007